UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TWANDA FRAZIER,

                        Plaintiff,

                                **ORDER**
                -against-                    16-CV-2942 (LDH) (RLM)

NRA GROUP, LLC,

                       Defendant.
-------------------------------------------------------------------x

L SHANN D ARCY HALL, United States District Judge:

      On April 25, 2017, United States Magistrate Judge Roanne Mann issued a report and recommendation (the "Report and Recommendation"), which recommended that this Court dismiss this action with prejudice for failure to prosecute and that Plaintiff's counsel, Edward B. Geller, be sanctioned $100.00 for failure to comply with the Court's orders. (*See* R. & R., ECF No. 9.) Any written objections to the Report and Recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report; responses to any objections were due fourteen (14) days thereafter. *See* Fed. R. Civ. P. 72(b)(2). On May 8, 2017, Plaintiff filed an objection to the Report and Recommendation. (Pl.'s Obj., ECF No. 10.) The Court reviews Magistrate Judge Mann's Report and Recommendation, to which Plaintiff has objected, under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(1), (3); 28 U.S.C. § 636(b)(1)(C).

      Plaintiff filed this action on June 08, 2016. (Compl., ECF No. 1.) On November 16, 2016, after Plaintiff took no further action to prosecute her claim, Magistrate Judge Mann ordered Plaintiff to show cause as to why the case should not be dismissed for failure to effect service, pursuant to Federal Rule of Civil Procedure 4(m), and for lack of prosecution, pursuant to Federal Rule of Civil Procedure Rule 41(b). (Order to Show Cause, ECF No. 5.) The November 16, 2016 order to show cause cautioned that failure to comply with the order would result in a

recommendation that the case be dismissed with prejudice and that sanctions be imposed on Plaintiff's counsel. (*Id.*) On November 23, 2016, Plaintiff filed a letter requesting additional time to respond to the order to show cause, which the Court granted until November 30, 2016. (*See* Letter to Ct. from Edward Geller, ECF No. 6; Electronic Order, Nov. 23, 2016.) On December 1, 2016, Plaintiff filed a motion for an extension of time to serve the Defendant. (Mot. for Extension of Time to File, ECF No. 7.) The Court granted Plaintiff's motion on January 20, 2017 and directed Plaintiff to serve the Defendant and file proof of service by February 17, 2017. (Order Granting Mot. for Extension of Time to File, ECF No. 8.) Having received no proof of service, on February 23, 2017, the Court issued yet another order directing Plaintiff to show cause by February 28, 2017 as to why the case should not be dismissed with prejudice. Plaintiff failed to respond to the Court's February 23, 2017 order and, on April 25, 2017, Magistrate Judge Mann issued the Report and Recommendation recommending that the Complaint be dismissed with prejudice and that Plaintiff's counsel be sanctioned $100.00 for failure to comply with the Court's orders. (*See* R. & R., ECF No. 9.) In objecting to the Report and Recommendation, Plaintiff argues that on February 23, 2017, the day on which Magistrate Judge Mann issued the second order to show cause, that Plaintiff's counsel was "recovering from appendicitis and unable to work following a three day hospitalization." (*See* Pl.'s Obj. 1; Electronic Order, Feb. 23, 2017.)

## I. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides that a court, on its own, may dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"). In considering, such a dismissal, a court should assess whether: "(1) the plaintiff's failure to prosecute caused a delay of

2

significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and (5) the court adequately assessed the efficacy of lesser sanctions." *Toliver v. N.Y. City Dep't of Corr.*, 607 F. App'x 109, 110 (2d Cir. 2015).

These factors weigh in favor of dismissal of this action. Despite filing the Complaint on June 6, 2016, Plaintiff did not serve the Defendant until May 24, 2017—nearly a year after commencing this case and only after Magistrate Judge Mann recommended dismissal of the action. (Summons Returned Executed, ECF No. 11.) This is true even after the Court previously provided Plaintiff with an extension of time to serve the Defendant and file proof of service. (Order Granting Mot. for Extension of Time to File, ECF No. 8.) While the Court is sympathetic to the health issues Plaintiff's counsel faced, at no point after Magistrate Judge Mann granted Plaintiff's motion for an extension of time to serve the Defendant did Plaintiff communicate with the Court regarding a further extension of time to effectuate service or Plaintiff's inability to serve the Defendant. Indeed, it was not until May 8, 2017, three months after the Court ordered Plaintiff to serve the Defendant and file proof of service, that the Court received any word from Plaintiff regarding this case. "Courts have found dismissal appropriate for [delays shorter than several months] when a party has become completely inaccessible, as inaccessibility 'strongly suggests that [Plaintiff is] not diligently pursuing [her] claim.'" *Garcia v. City of N.Y.*, No. 14-CV-4160, 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (quoting *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013)). Here, Plaintiff delayed this action for nearly a year and prejudice to the Defendant is presumed. *Id.* at *3-4 ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice.").

3

Additionally, Magistrate Judge Mann twice warned Plaintiff and her counsel—in the Court's November 16, 2016 and February 23, 2017 orders—that failure to respond to the orders would result in a recommendation of dismissal with prejudice and sanctions for counsel. (*See* Order to Show Cause, ECF No. 5; Electronic Order, Feb. 23, 2017.) "To permit plaintiff to file an action and then do nothing, thereby completely abdicating her responsibilities, would be to deny other litigants in this district the efficient administration of justice." *Hibbert v. Apfel*, No. 99-cv-4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000). Finally, there is little reason to believe that a lesser sanction would be effective here because Plaintiff's failure to comply with prior orders and her counsel's lack of diligence in both this case and other cases in this district demonstrate a disregard for court orders. *See also Caussade*, 293 F.R.D. at 631 ("district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record" (quoting *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 148 (2d Cir. 2010)). Accordingly, dismissal is warranted in this case.

## II. Failure to Comply with Court Orders

In addition to recommending dismissal of this action for failure to prosecute, Magistrate Judge Mann recommended that Plaintiff's counsel, Mr. Geller, be sanctioned $100.00 for failure to comply with the Court's orders. "Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 35 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir. 1999)). "'At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of,' *inter alia,* 'the source of authority for the sanctions being considered.'" *Id*. (quoting *Schlaifer Nance & Co.*, 194 F.3d at 334).

Here, sanctions are warranted under the Court's inherent power, which "derives from the sage acknowledgment that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). A court may exercise its inherent power "to sanction attorneys for . . . violations of court orders or other conduct which interferes with the court's power to manage its calendar . . . without a finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000)). The docket in this action clearly demonstrates that Mr. Geller failed to comply with both the Court's January 20, 2017 order and the Court's February 23, 2017 order to show cause. The docket further demonstrates that Magistrate Judge Mann previously warned counsel that he may be sanctioned for his conduct and cautioned Mr. Geller that "he must act with the utmost diligence for the remainder of this action and in other cases in this Court." (Order Granting Mot. for Extension of Time to File, ECF No. 8.) Mr. Geller's lack of diligence has interfered with the Court's ability "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers,* 501 U.S. at 43. Accordingly, Mr. Geller is directed to show cause, in writing, by June 20, 2017, as to why he should not be sanctioned $100.00 for failure to comply with this Court's orders.

## CONCLUSION

The Court has reviewed the Report and Recommendation *de novo*, and hereby adopts Magistrate Judge Mann's Report and Recommendation to dismiss this action for failure to prosecute, as the opinion of this Court. Accordingly, this action is dismissed with prejudice for failure to prosecute. Mr. Geller is directed to show cause by June 20, 2017, as to why he should not be sanctioned for failure to comply with this Court's orders.


Dated: June 13, 2017
      Brooklyn, New York

SO ORDERED:

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge